UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ROBERT GROSHAREV, on behalf of himself
and all those similarly situated,

    Plaintiff,

vs.                                                            Case No. 3:08-cv-1219-J-MCR

WILSON'S LIMITED, INC., a Florida
corporation, and WILLIAM WILSON, JR., an
individual,

    Defendants.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Motion to Dismiss Counts I, III, IV, and V of Defendant, Wilson's Limited, Inc.'s Counterclaim or Alternatively, Motion for More Definite Statement (Doc. 37) filed March 17, 2010. Defendant filed a response in opposition to this Motion (Doc. 37) on April 1, 2010. Accordingly, the matter is now ripe for judicial review.

## **I. INTRODUCTION**

Plaintiff filed a Complaint in this Court on December 18, 2008 against the Defendants, Wilson's Limited, Inc. and William Wilson, Jr., seeking unpaid wages pursuant to the Fair Labor Standards Act (the "FLSA"). (Doc. 1). After being ordered to do so by the Court, Defendants filed an Answer and Affirmative Defenses to the Complaint (Doc. 32) on March 10, 2010. Additionally, Defendant, Wilson's Limited, Inc., filed a Counterclaim alleging conversion (Count I), violations of the Florida Deceptive

-1-

Trade Practices Act (Count III)[1], unjust enrichment (Count IV), breach of fiduciary duty (Count V), and tortious interference with business relationships (Count VI).  (Doc. 32). Plaintiff responded by filing the instant Motion to Dismiss Counts I, III, IV, and V of the Counterclaim.  Shortly thereafter, the parties consented to having the case tried by a Magistrate Judge (Doc. 44) and the case was transferred to Judge Morris, the magistrate judge assigned to the case.  On May 24, 2010, Judge Morris recused himself and the case was assigned to the undersigned.

In the instant motion, Plaintiff asks the Court to dismiss several counts in the Counterclaim for failure to state a claim.  Alternatively, Plaintiff asks that Defendant be required to amend its counterclaim and provide a more definite statement.

## II. ANALYSIS

Plaintiff seeks an Order dismissing Counts I, III, IV, and V of the Counterclaim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.  Specifically, Plaintiff argues that the Counterclaim states no facts supporting Counts I, III, IV, and V.  Instead, each of these counts begins with a paragraph stating that Defendant re-alleges several paragraphs purportedly from the beginning of the Counterclaim.  As Plaintiff points out, the only prefatory paragraphs in the Counterclaim deal with the parties and the Court's jurisdiction.  There are no factual allegations at the beginning of the Counterclaim.  As such, Plaintiff argues the counts fail to properly state claims and are due to be dismissed.

---

[1] There is not a Count II in the Counterclaim.

-2-

In considering a motion to dismiss for failure to state a claim upon which relief may be granted under Rule 12(b)(6), the Court must accept all factual allegations in the counterclaim as true and take them in the light most favorable to the pleading party. Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200 (2007). The Rule 8 pleading standards have been refined by the Supreme Court and although it remains the case that in deciding a Rule 12(b)(6) motion to dismiss, a plaintiff's allegations must be accepted as true, the standard for dismissing claims in federal court no longer dictates that a complaint be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts . . . which would entitle him to relief," as set forth in Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957). Now, to withstand a motion to dismiss, a plaintiff must plead "enough facts to state a claim for relief that is plausible on its face," and where a plaintiff "ha[s] not nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007). To determine whether a plaintiff has accomplished this, the Court takes a two-step approach: "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1950 (2009).

**A.     Conversion**

With respect to Count I for conversion, the Court finds Defendant has adequately pled facts supporting the claim. Although the count begins with a paragraph claiming it "re-alleges paragraphs 1 through 10," which paragraphs do not contain any relevant factual allegations, the remainder of the allegations in that count provide enough

-3-

information to survive a motion to dismiss.  A conversion "is an unauthorized act which deprives another of his property permanently or for an indefinite time." Mayo v. Allen, 973 So.2d 1257, 1259 (Fla. 1st DCA 2008) (citing Star Fruit Co. v. Eagle Lake Growers, Inc., 33 So.2d 858 (Fla. 1948)).  Here, the allegations that Plaintiff: (1) used his position with Defendant in order to embezzle funds from Defendant; (2) pretended that his spending was related to business but was instead, theft; and (3) knowingly obtained Defendant's cash and merchandise with the intent to unlawfully and permanently deprive Defendant of them are sufficient to plausibly give rise to an entitlement to relief. Thus, Plaintiff's Motion to Dismiss is denied with respect to Count I of the Counterclaim. The Court also believes this count contains sufficient factual allegations such that Plaintiff can frame a responsive pleading and therefore, a more definite statement is not necessary.

**B.     Florida's Deceptive and Unfair Trade Practices Act**

Count III alleges violations of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. §§ 501.201-213 (2010).  Plaintiff raises two arguments for the dismissal of this claim.  First, Plaintiff takes the position Defendant failed to plead sufficient facts to establish a violation of FDUTPA.  Second, Plaintiff argues that even if Defendant had provided sufficient facts to support a FDUTPA claim, it must still be dismissed as FDUTPA is meant to apply only to consumer transactions and not to claims between an employer and employee.  The Court will begin by addressing this second argument.

Plaintiff argues Count III should be dismissed because FDUTPA does not provide for a cause of action by employers against their employees. In support of this contention, Plaintiff cites Shibata v. Lim, 133 F.Supp.2d 1311, 1317 (M.D. Fla. 2000), which held that only "consumers" are entitled to relief under FDUTPA. The court in Shibata also noted that Florida courts interpret the term "consumer" as requiring a person or entity to be a "purchaser" of goods or services. Shibata, 133 F.Supp.2d at 1317-18. Therefore, Plaintiff reasons that because Defendant is not a purchaser, it cannot properly bring a claim under FDUTPA.

However, FDUTPA was amended in 2001. Prior to 2001, Florida Statute § 501.211(2) provided: "[i]n any individual action brought by a consumer who has suffered a loss as a result of a violation of this part, such consumer may recover actual damages, plus attorney's fees and court costs." The 2001 amendments replaced the word "consumer" with the word "person." See Fla. Stat. § 501.211(2) (2010). Courts in this district have opined that this amendment "'demonstrates a clear legislative intent to allow a broader base of complainants who have been injured by violations of FDUTPA to seek damages . . .'" James D. Hinson Elec. Contracting Co., Inc. v. Bellsouth, No 3:07-cv-598-J-32MCR, 2008 WL 360803, *3 (M.D. Fla. Feb. 8, 2008) (citing Furmanite America, Inc. v. T.D. Williamson, Inc., 506 F.Supp.2d 1134 (M.D. Fla. 2007); True Title, Inc. v. Blanchard, No. 6:06-cv-1871-Orl-19D, 2007 WL 430659, *3 (M.D. Fla. Feb. 5, 2007); Advanced Protection Technologies, Inc. v. Square D Co., 390 F.Supp.2d 1155, 1164 (M.D. Fla. 2005)). Accordingly, the mere fact that Defendant is not a "consumer" is not sufficient to warrant dismissal.

Indeed, in True Title, Inc. v. Blanchard, this Court denied a motion to dismiss in the employment context. 2007 WL 430659, at *3. In True Title, the plaintiff, a corporation, was suing its former employee and her business for violations of FDUTPA. Defendants filed a motion to dismiss arguing the FDUTPA claims should be dismissed because they did not arise from a consumer transaction. In denying the motion, the court looked at the 2001 amendment to FDUTPA and stated:

> "[w]ith the deletion of consumer transaction from FDUTPA, it would seem that such business entity consumers could sue for damages from outlawed acts and practices in ordinary business transactions without regard to whether the claimant was acting in the capacity of consuming goods or services. At least, nothing in section 501.211(2) purports to state otherwise."

True Title, Inc., 2007 WL 430659 at *3 (quoting Beacon Prop. Mgt., Inc. v. PNR, Inc., 890 So.2d 274, 278 (Fla. 4th DCA 2004)). As Plaintiff has pointed to no post-2001 authority supporting his argument that FDUTPA bars a claim such as this, the Court will deny Plaintiff's request to dismiss Count III on the basis that FDUTPA does not cover claims by employers against their employees.

The Court will now turn the Plaintiff's argument that Count III should be dismissed as being factually deficient. To bring a cause of action under FDUTPA, a plaintiff must show three elements: (1) a deceptive act or unfair practice, (2) causation, and (3) actual damages. Rollins, Inc. v. Butland, 951 So.2d 860, 869 (Fla. 2nd DCA 2006). The only factual allegation supporting this count is paragraph 13 which provides: "[t]he willful conduct of the Counter-Defendant amounts to 'unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or

commerce.'" (Doc. 32, p.6). This paragraph amounts to nothing more than "a formulaic recitation of the elements of [the] cause of action," and therefore, is insufficient. Twombly, 550 U.S. at 555, 127 S.Ct. 1955, 1965. Accordingly, the Court will grant Plaintiff's Motion to Dismiss Count III without prejudice and provide Defendant with an opportunity to re-file the Counterclaim with proper factual allegations to support Count III.

**C.     Unjust Enrichment**

Count IV attempts to state a claim for unjust enrichment. It again begins with a paragraph re-alleging the factual contentions in paragraphs 1 through 8, even though those paragraphs do not contain any relevant factual information. The remaining paragraphs in this count claim Plaintiff "received the benefit of unearned compensation from [Defendant]" and Plaintiff's retention of that benefit is "inequitable, without earning the value thereof." (Doc. 32, p.6). Under Florida law, the elements of a cause of action for unjust enrichment are:

> (1) the plaintiff has conferred a benefit on the defendant, who has knowledge thereof; (2) the defendant voluntarily accepts and retains the benefit conferred; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying for it.

Hillman Constr. Corp. v. Wainer, 636 So.2d 576, 577 (Fla. 4th DCA 1994) (citing Henry M. Butler Inc. v. Trizec Properties Inc., 524 So.2d 710 (Fla. 2nd DCA 1988)). While very barebones, the Court believes Defendant has pled sufficient facts to avoid dismissal of this count. Moreover, the Court also believes Plaintiff can frame a responsive pleading to this count and therefore, a more definite statement is not necessary.

### D. **Breach of Fiduciary Duty**

Finally, Count V of the Counterclaim is for breach of fiduciary duty. "The elements of a claim for breach of fiduciary duty are: the existence of a fiduciary duty, and the breach of that duty such that it is the proximate cause of the plaintiff's damages." Gracey v. Eaker, 837 So.2d 348, 353 (Fla. 2002) (citations omitted). Again, Defendant has cited to paragraphs 1 through 8 although they are not relevant. However, the remaining paragraphs in this count are sufficient to state a claim for breach of fiduciary duty. As such, the Court will deny Plaintiff's Motion to Dismiss insofar as it relates to Count V. Additionally, the Court finds this count contains sufficient factual allegations to enable Plaintiff to frame a responsive pleading and therefore, a more definite statement is not necessary.

In sum, while this Counterclaim is not a model of clarity and indeed, is an example of very sloppy pleading, Counts I, IV, and V include sufficient allegations to survive a motion to dismiss. Moreover, they contain enough information to allow Plaintiff to file a response and therefore, a more definite statement is not warranted. On the other hand, Count III fails to provide enough factual allegations to survive a motion to dismiss and Defendant will be required to file an Amended Counterclaim to re-plead this count.

Accordingly, after due consideration, it is hereby

**ORDERED**:

1. Plaintiff's Motion to Dismiss Counts I, III, IV, and V of Defendant, Wilson's Limited, Inc.'s Counterclaim or Alternatively, Motion for More Definite Statement (Doc. 37) is **GRANTED in part and DENIED in part** as set forth in the body of this Order.

2. Defendant shall file an Amended Counterclaim no later than **Thursday, June 10, 2010**.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  27th  day of May, 2010.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record